◼ In the Matter of NICOLA PARISI, Petitioner, v. TOM WARD et al., Constituting the Board of Trustees of the Village of Valley Stream, Respondents.—Proceeding pursuant to article 78 of the CPLR to review respondents' two determinations dated May 15, 1972 and September 5, 1972, respectively, which discharged petitioner from his employment with the Village of Valley Stream, after a hearing. Determinations modified, on the law, by changing the penalty to a five-day suspension. As so modified, determinations confirmed, without costs. We confirm respondents' finding that petitioner is guilty of the charges against him. However, in view of his record and the minor nature of the misconduct, the penalty imposed was excessive to the extent indicated and therefore constituted an abuse of discretion. Rabin, P. J., Hopkins, Martuscello and Shapiro, JJ., concur; Munder, J., dissents and votes to confirm respondents' determinations, with the following memorandum: I do not consider excessive the punishment imposed, namely, discharge from employment, and therefore conclude there was no abuse of discretion on the part of respondents. We are confirming the finding that petitioner intentionally disobeyed his superior and refused to perform an assignment. This was not his first act of insubordination. In September, 1970 he received a reprimand for failing to obey an order of a superior. In January, 1972 he defied a directive issued by the Board of Trustees regarding use of personal-leave days and he forfeited one day's pay. In view of this history, arguments raised by petitioner regarding the fairness of his hearing and his discharge for union activities are mere subterfuge. He concedes he disobeyed an order. He concedes he did so previously. The matter of discipline is best left to the discretion of petitoner's employer and, here, the employer was justified in terminating petitioner's services.